IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUPE SALAZAR,

        Plaintiff,

v.                                No. 1:26-cv-01918-SCY

FNU LNU,

        Defendant.

## ORDER TO SHOW CAUSE AND ORDER TO CURE DEFICIENCY

This matter comes before the Court on *pro se* Plaintiff Lupe Salazar's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed June 12, 2026; Plaintiff's Attachment to the Complaint, Doc. 4; and Fernando Espinoza's Application to Proceed in District Court Without Prepay] [sic] (Short Form), Doc. 2, filed June 12, 2026 ("Short Form Application") (Mr. Espinoza signed and dated the Short Form Application but did not provide any other information).

Fernando Espinoza filed a separate case arising from the facts giving rise to this case. *See Espinoza v. Garcia*, No. 1:26-cv-01917-KWR-JHR. Plaintiff Lupe Salazar is Mr. Espinoza's mother. *See* Attachment at 1. Plaintiff Lupe Salazar mailed her Complaint, the Attachment, Mr. Espinoza's complaint, and Mr. Espinoza's Short Form Application to the Court in one envelope. Mr. Espinoza is currently an inmate at the Rio Arriba Detention Facility. *See* Doc. 1 at 1, filed June 12, 2026, in *Espinoza v. Garcia*.

### Order to Show Cause

Plaintiff Lupe Salazar filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." It is not clear whether Plaintiff Lupe Salazar is also asserting

claims pursuant to state law. The Complaint alleges "the City leveled o[u]r home threw our vehicles and covered our well knocked down our walls . . . destroyed our house." Complaint at 2-3. Where the Complaint form prompts plaintiffs to provide supporting facts, Plaintiff wrote "See Attachment." *See* Complaint at 3-4. The Attachment to the Complaint stating the supporting facts appears to have been written by Mr. Espinoza. Plaintiff Lupe Salazar seeks a new home and compensation for what was in the home, the vehicles, tools and the well. *See* Complaint at 5.

The Court has identified some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, the title of the Complaint does not include the names of any Defendants as required by Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). The Civil Cover Sheet attached to the Complaint states that Defendants are the City of Espanola, former Police Chief Mizel Garcia, and Mayor Dennis Tim Salazar. *See* Complaint at 7. However, the Civil Cover Sheet is not part of the Complaint.

Second, the Complaint fails to state a plausible claim pursuant to 42 U.S.C. § 1983. *See* Complaint at 2 (citing 42 U.S.C. § 1983). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). There are no allegations clearly

2

explaining what each Defendant did to Plaintiff Lupe Salazar and what specific legal right Plaintiff Lupe Salazar believes each Defendant violated.

For example, it is not clear who owns the house that was destroyed and the property that was taken. Although the Complaint refers to "our house," "our vehicles," and "our personal property," apparently meaning Plaintiff Lupe Salazar and Mr. Espinoza, the Attachment, written by Mr. Espinoza, refers to "my property," "my house," and "my vehicles" suggesting Mr. Espinoza may be the sole owner. Consequently, it is not clear whether any Defendants deprived Plaintiff Lupe Salazar of any property.

Furthermore, the Attachment states "they bullied and intim[i]dated my mother Lupe Salazar" but does not identify which Defendants bullied or intimidated Plaintiff Lupe Salazar or identify any federally protected right Plaintiff Lupe Salazar believes those Defendants violated by doing so. Attachment at 3. Similarly, the Attachment states Kenny Borrego "has threatened my mother and told her he was taking our property" but does not identify the federally protected right Plaintiff Lupe Salazar believes Kenny Borrego violated. Attachment at 6.

The Court notifies Plaintiff that if the Court dismisses Plaintiffs' federal law claims, the Court may decline to exercise supplemental jurisdiction over any' state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

The Court orders Plaintiff to show cause why the Court should not dismiss this case for the reasons stated above. If Plaintiff agrees with the Court's analysis regarding these deficiencies in her Complaint, rather than show cause, Plaintiff may amend the Complaint.

The amended complaint must clearly explain what each Defendant did to Plaintiff Lupe Salazar and which claims Plaintiff Lupe Salazar is asserting against each Defendant. *See Nasious*, 492 F.3d at 1163 (quoted above). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. The Federal Rules of Civil Procedure require Defendants to admit or deny each allegation. *See* Fed. R. Civ. P. 8(b)(1)(B) (a party responding to a complaint "must admit or deny the allegations asserted against it by an opposing party"). Plaintiff must, therefore, number the allegations in the amended complaint or in a statement of facts attached to the amended complaint which will allow Defendants to clearly identify to the Court which allegations they deny and which they admit. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

### Order to Cure Deficiency

Federal law requires that the Clerk of Court "require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 . . . [and] such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. §§ 1914(a, b).[1] The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $55.00 administrative fee.

[person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Plaintiff Lupe Salazar has not paid the $405.00 fee or filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). The Court orders Plaintiff Lupe Salazar to either pay the fee or file a Long Form Application.

The Court denies Mr. Espinoza's Application to Proceed in District Court Without Prepaying Fees or Costs without prejudice because Mr. Espinoza is not currently a named plaintiff in this case. Although Mr. Espinoza signed the Complaint in this case, the title of the Complaint does not name him as a plaintiff as required by Rule 10(a) of the Federal Rules of Civil Procedure. Furthermore, Mr. Espinoza has filed a separate case based on the same facts giving rise to this case. The Clerk's Office has docketed Mr. Espinoza's Application in his separate case, *Espinoza v. Garcia*, No. 1:26-cv-01917-KWR-JHR.

### Case Management

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff Lupe Salazar of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)  Plaintiff Lupe Salazar shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case or (b) file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

(ii)  Plaintiff Lupe Salazar shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application *or* failure to follow all instructions in the Long Form Application may result in may result in denial of the motion to proceed *in forma pauperis*.

(iii)  The Clerk shall send to Plaintiff Lupe Salazar a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iv)  Fernando Espinoza's Application to Proceed in District Court Without Prepay] [sic] (Short Form), Doc. 2, filed June 12, 2026, is **DENIED without prejudice.**

_____
UNITED STATES MAGISTRATE JUDGE