**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUPE SALAZAR,

      Plaintiff,

v.                                                                        No. 1:26-cv-01918-SCY

FNU LNU,

      Defendant.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND**
**ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 6 at 1-6, Doc. 6, filed July 7, 2026, and Plaintiff's Response to the Order to Show Cause, Doc. 6 at 7, filed July 7, 2026.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security

for the costs and still be able to provide himself and dependents with the necessities of life."

*Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $1,099.00 (ii) Plaintiff's income amount expected next month is $600.00; (iii) Plaintiff's monthly expenses total $1,877.00; and (iv) Plaintiff's two minor grandchildren rely on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding and Plaintiff's monthly expenses exceed her monthly income.

**Order for Amended Complaint**

Plaintiff Lupe Salazar filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  The Complaint alleges "the City leveled o[u]r home threw our vehicles and covered our well knocked down our walls . . . destroyed our house."  Complaint at 2-3.  Where the Complaint form prompts plaintiffs to provide supporting facts, Plaintiff wrote "See Attachment."  *See* Complaint at 3-4.  The Attachment to the Complaint stating the supporting facts appears to have been written by Fernando Espinoza who is also associated with the property.  *See* Attachment to Complaint, Doc. 4, filed June 15, 2026.  Fernando Espinoza filed a separate case arising from the facts giving rise to this case.  *See Espinoza v. Garcia*, No. 1:26-cv-01917-KWR-JHR.  Plaintiff Lupe Salazar is Mr. Espinoza's mother.  *See* Attachment to Complaint at 1.  Plaintiff Lupe Salazar seeks a new home and compensation for what was in the home, the vehicles, tools and the well.  *See* Complaint at 5.

The Court notified Plaintiff of the following deficiencies in the Complaint:

2

      (i)      The title of the Complaint does not include the names of any Defendants as required by Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

      (ii)     The Complaint fails to state a plausible claim pursuant to 42 U.S.C. § 1983 because there are no allegations clearly explaining what each Defendant did to Plaintiff and what specific legal right Plaintiff believes each Defendant violated. It is also not clear whether the house that was destroyed and the property that was taken was owned by Plaintiff, Mr. Espinoza or both. Thus it is not clear whether any Defendants deprived Plaintiff of any property.

Order to Show Cause at 2-3, Doc. 5, filed June 17, 2026. The Court ordered Plaintiff to either show cause why the Court should not dismiss this case or file an amended complaint. *See* Order to Show Cause at 4, 7.

Plaintiff filed a Response to the Order to Show Cause which states:

Plaintiff explicitly clarifies that she is the sole primary Plaintiff initiating this action under Case No. 1:26-cv-01918-SCY. All attached documentation, timelines . . . pertain strictly to claims, occupancy rights, and direct enforcement injuries suffered by Plaintiff Lupe Salazar . . . all handwritten materials and specific property claims belonging exclusively to Fernando Espinoza have been completely removed from this case file . . . Basis of Federal Claims: Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 for systemic municipal enforcement actions, unlawful property condemnation, and seizures conducted by the City of Española and its agents, which directly infringed upon Plaintiff's Constitutional rights to Due Process.

Response, Doc. 6 at 7. Plaintiff did not file an amended complaint.

While Plaintiff's Response explains Plaintiff's intended purpose for the Complaint, the Response does not show that the Complaint complies with the Federal Rule of Civil Procedure regarding naming of parties and Tenth Circuit precedent regarding stating a plausible claim. Because the Court is bound by and cannot disregard the Federal Rules of Civil Procedure and

3

Tenth Circuit precedent, the Court orders Plaintiff to file an amended complaint. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute"); *United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit").

The amended complaint must clearly explain what each Defendant did to Plaintiff Lupe Salazar, identify the property Plaintiff Lupe Salazar owns that is the subject of this action, and describe each claim Plaintiff Lupe Salazar is asserting against each Defendant. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoted above). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. The Federal Rules of Civil Procedure require Defendants to admit or deny each allegation. *See* Fed. R. Civ. P. 8(b)(1)(B) (a party responding to a complaint "must admit or deny the allegations asserted against it by an opposing party"). Plaintiff must, therefore, number the allegations in the amended complaint or in a statement of facts attached to the amended complaint which will allow Defendants to clearly identify to the Court which allegations they deny and which they admit. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

/

/

/

/

/

**IT IS ORDERED** that:

(i)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs, Doc. 6, filed July 7, 2026, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint.

Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**

5