**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

LUPE SALAZAR,

Plaintiff,

v. No. 1:26-cv-01918-SCY

FNU LNU,

Defendant.

**ORDER FOR SECOND AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 9, filed July 21, 2026.

The Court notified Plaintiff of some deficiencies in her original Complaint and ordered Plaintiff to file an amended Complaint. *See* Order for Amended Complaint, Doc. 7, filed July 9, 2026.

The Court has identified some deficiencies in the Amended Complaint, described below, and orders Plaintiff to file a second amended complaint. *See Lowrey v. Sandoval Cnty. Child. Youth & Families Dep't*, No. 23-2035, 2023 WL 4560223, at *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, other than the City of Española, the title of the Amended Complaint does not include the names of any Defendants as required by Rule 10(a) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

Second, the Amended Complaint fails to state a plausible claim pursuant to 42 U.S.C. § 1983. *See* Amended Complaint, Doc. 9 at 1 (citing 42 U.S.C. § 1983). "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). There are no allegations clearly explaining what each of the unnamed Defendants did to Plaintiff, when each unnamed Defendant did it, and what specific legal right Plaintiff believes each unnamed Defendant violated. Plaintiff also alleges that Defendant City of Española initiated a series of code enforcement actions "[b]eginning in 2019" but does not indicate when each of those actions occurred. *See Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("for § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

The Court orders Plaintiff to file a second amended complaint. The amended complaint must clearly explain what each Defendant did to Plaintiff Lupe Salazar and which claims Plaintiff Lupe Salazar is asserting against each Defendant. *See Nasious*, 492 F.3d at 1163 (quoted above). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. The Federal Rules of Civil Procedure require Defendants to admit or deny each allegation. *See* Fed. R. Civ. P. 8(b)(1)(B) (a party responding to a complaint "must admit or deny the allegations asserted against it by an opposing party"). Plaintiff must, therefore, number the allegations in the amended complaint or in a statement of facts attached to the amended complaint which will allow Defendants to clearly identify to the Court which allegations they

deny and which they admit. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

The Court notifies Plaintiff that if the Court dismisses Plaintiffs' federal law claims, the Court may decline to exercise supplemental jurisdiction over any state law claims and dismiss this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

Steve Yarbrough

**UNITED STATES MAGISTRATE JUDGE**