**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUPE SALAZAR,

Plaintiff,

v. No. 1:26-cv-01918-MIS-SCY

CITY OF ESPAÑOLA, JAVIER SANCHEZ, JOHN RAMON VIGIL, GEORGE MARTINEZ, ERIC GARCIA, J.R. TRUJILLO, KENNETH BORREGO, HAROLD MARTINEZ, MANNY MARTINEZ and JEMEZ MOUNTAINS CO-OP,

Defendants.

**ORDER OF DISMISSAL**

This case arises from the demolition, by Defendant City of Española, of the home of *pro se* Plaintiff and her son.[1] *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), ECF No. 1.

On June 17, 2026, United States Magistrate Judge Steven C. Yarbrough issued an Order notifying Plaintiff of some deficiencies in her original Complaint and ordered Plaintiff to either show cause why the Court should not dismiss this case for failure to state a claim pursuant to 42 U.S.C. § 1983 or file an amended complaint. *See* Order to Show Cause, ECF No. 5.

On July 15, 2026, Plaintiff filed a Response to the Order to Show Cause. ECF No. 6 at 6-8 (Response attached to bottom of Plaintiff's Application to proceed *in forma pauperis*). On July 9, 2026, Judge Yarbrough issued an Order notifying Plaintiff that her Response to the Order to Show Cause did not show that the Complaint complied with Tenth Circuit precedent regarding

---

[1] Plaintiff's son has a separate case in this Court. *See Espinoza v. Garcia*, No. 1:26-cv-01917-KWR-JHR.

stating a plausible claim and ordered Plaintiff to file an amended Complaint. *See* Order for Am. Compl., ECF No. 7.

On July 21, 2026, Plaintiff filed an Amended Complaint. ECF No. 9. On August 4, 2026, Judge Yarbrough issued an Order notifying Plaintiff that her Amended Complaint failed to state a plausible claim pursuant to 42 U.S.C. § 1983 and ordered Plaintiff to file a second amended complaint. *See* Order for Second Am. Compl., ECF No. 11. Judge Yarbrough has repeatedly explained that:

(i) "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).

(ii) Plaintiff's amended complaints must clearly explain what each Defendant did to Plaintiff Lupe Salazar.

Order to Show Cause at 2, 4; Order for Am. Compl. at 3-4; Order for Second Am. Compl. at 2.

Judge Yarbrough also notified Plaintiff that while she alleged Defendant City of Española initiated a series of code enforcement actions "[b]eginning in 2019," she did not indicate when each of those actions occurred. Order for Second Amended Complaint at 2 (notifying Plaintiff of the three-year statute of limitations for Section 1983 claims) (quoting *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years, as provided in New Mexico's statute of limitations for personal-injury claims").

On August 21, 2026, Plaintiff filed a Second Amended Complaint asserting claims for deprivation of property without due process and state-law claims for malicious conduct. ECF No. 12. The Second Amended Complaint fails to state due process claims because it does not allege that any Defendants deprived her of property without due process. *See Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 838 F.3d 1039, 1043 (10th Cir. 2016) ("The essence of procedural due process is the provision to the affected party of *some* kind of notice and ... *some* kind of hearing"). The Second Amended Complaint contains the following allegations against Defendants:

(i) City of Espanola: responsible for code enforcement and condemnation procedures;

(ii) Javier Sanchez, former mayor during initial condemnation: acting under color of state law;

(iii) John Ramon Vigil, former mayor during demolition: acting under color of state law;

(iv) George Martinez, former detective: primary instigator of harassment and retaliatory campaign against Plaintiff, made phone calls demanding Plaintiff to travel under false accusations regarding her son, orchestrated a retaliatory escalation of police harassment and administrative code enforcement;

(v) Eric Garcia, former chief of police: oversaw department, responsible for harassment including the unlawful towing of Plaintiff's legally registered and insured vehicle;

(vi) J.R. Trujillo, chairman of planning and zoning: acted under color of law to deprive Plaintiff of constitutional rights, engaged in a pattern of predatory administrative targeting, solicited and pushed for the condemnation of homes specifically featuring flat roofs to facilitate low-rate property acquisitions;

(vii) Kenneth Borrego, Harold Martinez and Manny Martinez, apparently employees of Jemez Mountains Electric Cooperative: Borrego and Harold Martinez communicated in a pattern of bad-faith reporting designed to manufacture pretexts against property owner, Manny Martinez, none;

(viii) Jemez Mountains Co-op: none; and

(ix) Unidentified Planning and Zoning Authorities: wrongfully instructed individuals and local entities to block access and prohibit proper entry to the property directly preventing necessary maintenance, securing, and oversight of the structure.

The Second Amended Complaint does not state when Defendants' conduct occurred or otherwise allege that her due process claims are not barred by the statute of limitations.

The Court dismisses Plaintiff's claims pursuant to 42 U.S.C. § 1983 for failure to state a claim because the Second Amended Complaint does not allege sufficient facts showing each Defendant violated Plaintiff's due process rights and when each Defendant did it. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("A plausible claim includes facts from which we may reasonably infer Defendant's liability. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. Allegations that are merely consistent with a defendant's liability stop short of that line") (citations and quotation marks omitted).

The Court, having dismissed Plaintiffs' federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE